19

# ORIGINAL

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION



UNITED STATES OF AMERICA,

               Plaintiff,

v.

THADDEUS LEWIS McMICHAEL



            Defendant.

FILED
JUL 1 8 2013
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

No. ~~12-28551~~ 13-20443

Honorable Denise Page Hood

**Count One:** Receipt of child pornography, 18 U.S.C. § 2252A(a)(2)

**Maximum Penalty:** Not less than 5 years, and up to 20 years in prison

**Maximum Fine:** $250,000

**Supervised Release:** at least 5 years, and up to life.

## RULE 11 PLEA AGREEMENT

    Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant THADDEUS LEWIS McMICHAEL and the government agree as follows:

**1.**    **GUILTY PLEA**

    **A.**    **Count of Conviction**

    Defendant will enter a plea of guilty to **Count One** of the Information, which charges receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2).

    **B.**    **Elements of Offense**

The elements of **Count One**, receipt of child pornography, are:

1. The Defendant knowingly received any matter that contained an image of child pornography, as defined in 18 U.S.C. § 2256(8);

2. That such child pornography had been transported in interstate or foreign commerce by any means, including by computer, or that such child pornography had been produced using materials that had been mailed or shipped or transported in interstate or foreign commerce by any means, including by computer; and

3. The Defendant knew that such items constituted child pornography.

**C.      Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for Defendant's guilty plea:

On February 17, 2012, the FBI executed a search warrant at Defendant's home in Southfield, Michigan. Electronic media belonging to Defendant was seized, and a forensic review of the electronic media revealed ~~approximately~~ 530 images and 6 videos of child pornography. Some of the images of child pornography depicted bondage. Some of the images and videos depicted prepubescent children engaged in sexual activity with adult males. The child pornography received by McMichael had been transported in interstate or foreign commerce by any means, including computer.

2.    **SENTENCING GUIDELINES**

A.    **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

B.    **Agreed Guideline Range**

There are no disputes regarding the calculations of the sentencing guidelines under the United States Sentencing Guidelines Manual. However, Defendant reserves the right to argue that the Court should reject some of the guideline enhancements on a policy basis.

Except as provided below, Defendant's guideline range is **97-121 months**, as set forth on the attached worksheets.  If the Court finds:

> a. that Defendant's criminal history category is higher than reflected on the attached worksheets, or
>
> b. that the offense level should be higher because, after pleading guilty, Defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense(s); or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than **97-121 months**, the higher guideline range becomes the range recommended by Defendant and government. However, if the Court finds that Defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the

sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does *not* authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections a) and b), above.

## 3.   **SENTENCE**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

### A.   **Imprisonment**

Except as provided in the next sentence, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B. However, the Court must impose a sentence of imprisonment on Count One of at least five years.

**B.**   **Supervised Release**

A term of supervised release follows the term of imprisonment. The Court **must** impose a term of supervised release on Count One of no less than **five years,** and up to life. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

**C.**   **Special Assessment**

Defendant will pay a special assessment of **$100** and must provide the government with a receipt for the payment before sentence is imposed.

**D.**   **Fine**

There is no agreement as to fines.

**E.**   **Restitution**

The Court shall order restitution to every identifiable victim of Defendant's offenses. There is no agreement on restitution. The Court will determine whether restitution, if any, should be awarded, in what amount, and to whom restitution, if any, should be paid.

**F.**   **Forfeiture**

As part of this agreement, pursuant to 18 U.S.C. § 2253(a)(3) and/or 18 U.S.C. § 2428, Defendant agrees to forfeit his interest in the following property:

1. Any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, or 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of these subsections;

2. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained as a result of violations of Title 18, United States Code, Sections 2252A(a)(2) and/or 2422(b); and

3. Any property, real or personal, involved in the commission of violations of Title 18, United States Code, Sections 2252A(a)(2) and/or 2422(b) including, but not limited to:

   - One (1) 8GB SanDisk Cruzer USB flash drive;
   - One (1) ~~Toshiba Satellite laptop L775D-S7132 computer, serial number ZB044220R.~~ Compaq Presario Computer;  *[handwritten annotation: SW/LB circled]*
   - One (1) Western Digital external hard drive, serial number WMAT10289463.

In entering into this agreement with respect to forfeiture, Defendant expressly waives his right to have a jury determine the forfeitability of his interest in the above-described property as provided by Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

In entering into this agreement with respect to forfeiture, Defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of the above-described assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

## 4.   SORNA/Adam Walsh Act

Defendant understands that by pleading guilty in this case, he will be required to register as a sex offender, under both federal and state registration requirements. As a condition of his release from prison on supervised release in this case, Defendant will be obligated to promptly register under the federal sex offender registry. Defendant may also be required to register under the law of the state in which he resides, as well as any state where he has significant contacts

(including any state where he resides, works, attends school or otherwise has significant contacts). Defendant further understands that he will be required to maintain and update his registration for at least twenty years, and potentially for the rest of his life.

## 5. <u>USE OF WITHDRAWN GUILTY PLEA</u>

If the Court allows Defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B) , Defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

## 6. <u>OTHER CHARGES</u>

If the Court accepts this agreement, the government will dismiss the remaining charge in this case (possession of child pornography).

## 7. <u>EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT</u>

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which Defendant may withdraw from this agreement. The Court shall advise the Defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

## 8.   **WAIVER OF APPEAL**

Defendant waives any right he may have to appeal his conviction. If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, Defendant also waives any right he may have to appeal his sentence. If the sentence imposed is within the guidelines range determined by Paragraph 2B, the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

## 9.   **CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA OR VACATION OF CONVICTION**

If Defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If

additional charges are filed against Defendant within six months after the date the order vacating Defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, Defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 10.   PARTIES TO PLEA AGREEMENT

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 11.   SCOPE OF PLEA AGREEMENT

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to Defendant or to the attorney for the Defendant at any time

before Defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if Defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against Defendant, or any forfeiture claim against any property, by the United States or any other party.

## 12.    ACCEPTANCE OF AGREEMENT BY DEFENDANT

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by **5:00 P.M. on July 18, 2013**. The government reserves the right to modify or revoke this offer at any time before Defendant pleads guilty.

BARBARA L. MCQUADE
United States Attorney

_____            _____
KEVIN M. MULCAHY                           SARA D. WOODWARD
CHIEF, GENERAL CRIMES UNIT                 ASSISTANT UNITED STATES ATTORNEY
ASSISTANT UNITED STATES ATTORNEY

DATE: JULY 8, 2013

BY SIGNING BELOW, DEFENDANT ACKNOWLEDGES THAT HE HAS READ (OR BEEN READ) THIS ENTIRE DOCUMENT, UNDERSTANDS IT, AND AGREES TO ITS TERMS. HE ALSO ACKNOWLEDGES THAT HE IS SATISFIED WITH HIS ATTORNEY'S ADVICE AND REPRESENTATION. DEFENDANT AGREES THAT HE HAS HAD A FULL AND COMPLETE OPPORTUNITY TO CONFER WITH HIS LAWYER, AND HAS HAD ALL OF HIS QUESTIONS ANSWERED BY HIS LAWYER.

_____            _____
LISA DWYER                                 THADDEUS LEWIS MCMICHAEL
ATTORNEY FOR DEFENDANT                     DEFENDANT

DATE: 7/18/13

| Defendant: | Thaddeus McMichael | Count: | One |
|---|---|---|---|
| Docket No.: | 13-20443 | Statute(s): | 18 U.S.C. §§ 2252A(a)(2) |

# WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D.  However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of  U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1. BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS  (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2G2.2(a)(1) | Possessing material involving the sexual exploitation of a minor | 22 |
| 2G2.2(b)(1) | Defendant's conduct limited to receipt of material | -2 |
| 2G2.2(b)(2) | material involved prepubescent minor who had not reached 12 years | +2 |
| 2G2.2(b)(4) | sadistic or masochistic conduct or other depictions of violence | +4 |
| 2G2.2(b)(6) | use of computer | +2 |
| 2G2.2(b)(7)(D) | 600 or more images | +5 |

## 2. ADJUSTMENTS  (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

## 3. ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**33**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*If this is the only Worksheet A, check this box and skip Worksheet B.*    [X]

*If the defendant has no criminal history, check this box and skip Worksheet C.*    [X]

Rev. 2/10/2012

Defendant: Thaddeus McMichael  Count: One

Docket No.: 13-20443  Statute(s): 18 U.S.C. §§ 2252A(a)(2)

# WORKSHEET C   (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):

## 1.    PRIOR SENTENCES

### Prior Sentence of Imprisonment Exceeding 13 Months  (U.S.S.G. §§ 4A1.1(a)):      3 POINTS

Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period.  (See U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

### Prior Sentence of Imprisonment of at Least 60 Days  (U.S.S.G. §§ 4A1.1(b)):      2 POINTS

Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (see U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (see U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

### Other Prior Sentences  (U.S.S.G. §§ 4A1.1(c)):      1 POINT

Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (see U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (see U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)).  NOTE:  No more than 4 points may be added under this item.

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

\*    If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).
\*\*   A release date is required in only three situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses); and (3) when 2 criminal history points are added pursuant to U.S.S.G. § 4A1.1(e) because the defendant committed the instant offense (taking into account relevant conduct and stipulated offenses) shortly after or during imprisonment resulting from a sentence counted under U.S.S.G. § 4A1.1(a) or (b) or while he or she was on escape status for such a sentence.

Rev. 2/10/2012

| Defendant: | Thaddeus McMichael | Count: | One |
|---|---|---|---|
| Docket No.: | 13-20443 | Statute(s): | 18 U.S.C. §§ 2252A(a)(2) |

**(WORKSHEET C, p. 2)**

## 2. COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.

## 3. PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).) Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.

## 4. TOTAL CRIMINAL HISTORY POINTS
Enter the sum of the criminal history points entered in Items 1-4.

## 5. CRIMINAL HISTORY CATEGORY

| Total Criminal History Points | Criminal History Category |
|---|---|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥13 | VI |

I

Rev. 2/10/2012

| Defendant: | Thaddeus McMichael | Count: | One |
|---|---|---|---|
| Docket No.: | 13-20443 | Statute(s): | 18 U.S.C. §§ 2252A(a)(2) |

# WORKSHEET D   (Guideline Range)

**1.   (COMBINED) ADJUSTED OFFENSE LEVEL**

Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in Item 8 of Worksheet B.

**33**

**2.   ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY  (U.S.S.G § 3E1.1)**

**-3**

**3.   TOTAL OFFENSE LEVEL**

Enter the difference between Items 1 and 2.

**30**

**4.   CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history.  Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

**I**

**5.   CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**

   a.   Total Offense Level:  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

   b.   Criminal History Category:  If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

**6.   GUIDELINE RANGE FROM SENTENCING TABLE  (U.S.S.G. ch. 5, pt. A)**

Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

**97-121 months**

**7.   STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute.  (*See* U.S.S.G. § 5G1.1.)  If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.
The Court must impose a sentence of at least five years (60 months) on Count One. 18 U.S.C. 2252(a)(2).

**months**

| Defendant: | Thaddeus McMichael | Count: | One |
|---|---|---|---|
| Docket No.: | 13-20443 | Statute(s): | 18 U.S.C. §§ 2252A(a)(2) |

# WORKSHEET E (Authorized Guideline Sentences)

**1.    PROBATION (U.S.S.G. ch. 5, pt. B)**

      a.    <u>Imposition of a Term of Probation</u>  (U.S.S.G. § 5B1.1)

[X]  1.    Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony).  If this box is checked, go to Item 2 (Split Sentence).

[ ]  2.    Probation is authorized by the guidelines (minimum of guideline range = zero months).

[ ]  3.    Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).

      b.    <u>Length of Term of Probation</u>  (U.S.S.G. § 5B1.2)

[ ]  1.    At least 1 year but not more than 5 years (total offense level ≥ 6).

[ ]  2.    No more than 3 years (total offense level < 6).

      c.    <u>Conditions of Probation</u>  (U.S.S.G. § 5B1.3)

          The court must impose certain conditions of probation and may impose other conditions of probation.

**2.    SPLIT SENTENCE (U.S.S.G. § 5C1.1(c)(2), (d)(2))**

[X]  a.    A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months).

[ ]  b.    A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months).  The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months).  The authorized length of the term of supervised release is set forth below in Item 4.b.

**3.    IMPRISONMENT (U.S.S.G. ch. 5, pt. C)**

      A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D).  (*See* U.S.S.G. § 5C1.1.)

| Defendant: | Thaddeus McMichael | Count: | One |
|---|---|---|---|
| Docket No.: | 13-20443 | Statute(s): | 18 U.S.C. §§ 2252A(a)(2) |

**(WORKSHEET E, p. 2)**

4. **SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)**

    a.    <u>Imposition of a Term of Supervised Release</u> (U.S.S.G. § 5D1.1)

       The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

    b.    <u>Length of Term of Supervised Release</u> (U.S.S.G. § 5D1.2)

    ☐    1.    At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

    ☐    2.    At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

    ☐    3.    1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

    ☒    4.    The statute of conviction requires a minimum term of supervised release of __60__ months, and up to life.

    c.    <u>Conditions of Supervised Release</u> (U.S.S.G. § 5D1.3)

       The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

5. **RESTITUTION (U.S.S.G. § 5E1.1)**

    ☒    1.    The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts.

    ☐    2.    The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is $ __.

    ☐    3.    The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $ __. (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

    ☐    4.    The parties agree that the court *may also* order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $ __. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

    ☐    5.    Restitution is not applicable.

**(WORKSHEET E, p. 3)**

6. **FINE (U.S.S.G. § 5E1.2)**

    a. <u>Fines for Individual Defendants</u>

    The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to

| Defendant: | Thaddeus McMichael | Count: | One |
|---|---|---|---|
| Docket No.: | 13-20443 | Statute(s): | 18 U.S.C. §§ 2252A(a)(2) |

become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).)  Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).)  However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b. <u>Fine Range from Fine Table</u>  (U.S.S.G. § 5E1.2(c)(3))

| <u>Minimum Fine</u> | <u>Maximum Fine</u> |
|---|---|
| $ 15,000 | $ 150,000 |

## 7.  SPECIAL ASSESSMENT(S)  (U.S.S.G. § 5E1.3)

The court must impose a special assessment on every count of conviction.  The special assessments for individual defendants are

$100.00 for every count charging a felony ($400 for a corporation)
$ 25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
$ 10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
$   5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $ 200 .

## 8.  FORFEITURE (U.S.S.G. § 5E1.4)

[X]  Assets of the defendant will be forfeited.        [ ]  Assets of the defendant will not be forfeited.

## 9.  ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES

List any additional applicable guideline, policy statement, or statute.

## 10.  UPWARD OR DOWNWARD DEPARTURE  (U.S.S.G. ch. 5, pts. H & K)

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.